RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0142p.06

FILED
JAMES BONINI
CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

09 APR 10 PM 1:25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

FOR YOUR INFORMATION

PHILIP CHARVAT,

    *Plaintiff-Appellant,*

v.

GVN MICHIGAN, INC.,

    *Defendant-Appellee.*

No. 08-3282

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 06-00983—Algenon L. Marbley, District Judge.

Argued: January 20, 2009

Decided and Filed: April 9, 2009

Before: MOORE, CLAY, and KETHLEDGE, Circuit Judges.

---

## COUNSEL

**ARGUED:** John W. Ferron, FERRON & ASSOCIATES, Columbus, Ohio, for Appellant. James B. Hadden, PORTER, WRIGHT, MORRIS & ARTHUR, Columbus, Ohio, for Appellee. **ON BRIEF:** John W. Ferron, Jessica G. Fallon, Lisa A. Wafer, FERRON & ASSOCIATES, Columbus, Ohio, for Appellant. James B. Hadden, PORTER, WRIGHT, MORRIS & ARTHUR, Columbus, Ohio, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Philip Charvat appeals the district court's grant of partial summary judgment to Defendant-Appellee GVN Michigan, Inc. ("GVN") and subsequent dismissal for lack of subject-matter jurisdiction. After GVN and its agents placed ten telemarketing calls to Charvat's residence, Charvat filed a complaint in the district court asserting 186 claims against GVN based on alleged violations of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C.

1

§ 227, the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Rev. Code §§ 1345.01–1345.13, and various other Ohio statutes and regulations. The district court found that Charvat could not recover statutory damages under the TCPA or the CSPA based on alleged violations occurring in the first phone call made by GVN and that Charvat was limited under both the TCPA and the CSPA to recovery of statutory damages on a per-call basis rather than per violation. Noting that the TCPA does not provide for federal-question jurisdiction, the district court found that these limitations on damages reduced the amount in controversy below $75,000 and dismissed Charvat's case for lack of subject-matter jurisdiction. On appeal, Charvat argues that the district court erred by (1) dismissing all of Charvat's claims for violations of the TCPA and the CSPA committed during the first call, (2) holding that damages for violations of the TCPA must be calculated on a per-call, rather than a per-violation, basis, (3) holding that damages for violations of the CSPA must be calculated on a per-call, rather than a per-violation, basis, and (4) dismissing Charvat's action for lack of subject-matter jurisdiction. Although we believe that the district court erred in finding that Charvat could not collect under the TCPA for violations occurring in the first telephone call, we conclude that the district court correctly found that the TCPA damages are available on only a per-call basis. Because Charvat did not meet the amount-in-controversy requirement for diversity jurisdiction, we **AFFIRM** the district court's judgment dismissing the case for lack of subject-matter jurisdiction.

## I. BACKGROUND

Charvat spends over twenty-six pages of his brief detailing each of the ten phone calls allegedly made by GVN or its agents and outlining each of the 186 violations asserted. The details of each phone call and each violation, however, are not in dispute for purposes of summary judgment and are not relevant to the issues before us. The district court provided a brief summary of the underlying facts:

> On May 28, 2005, an agent of GVN placed its first telemarketing call to Charvat's residence (the "First Call"), soliciting the Plaintiff to attend a sales presentation in which he would be invited to purchase travel and vacation services from GVN. As has been his practice for several years, Plaintiff recorded the call and later prepared a transcript from the recording. At the conclusion of the First Call, Plaintiff demanded that the caller not call him again, and the agent responded that he would take Charvat "off the list."

> Despite this confirmation, GVN placed nine more telemarketing calls to Charvat's residence, all of which Plaintiff recorded. In three of these calls, Charvat did not actually speak with anyone, as the agent immediately hung up when Charvat answered the phone. In the six other calls, however, Charvat demanded again that his name and telephone number be placed on the Defendant's Do-Not-Call List, and he asked that the agent send him a copy of GVN's Do-Not-Call Policy. After the tenth call, on September 14, 2006, GVN ceased calling Charvat's residence.

*Charvat v. GVN Mich., Inc.*, 531 F. Supp. 2d 922, 923-24 (S.D. Ohio 2008).

On November 20, 2006, Charvat filed a complaint in the United States District Court for the Southern District of Ohio, asserting 187[1] claims against GVN and three unidentified defendants. The complaint alleged that the ten phone calls placed by GVN and its agents violated the TCPA and its regulations, the CSPA, the Ohio Telephone Sales Solicitation Act ("TSSA"), Ohio Rev. Code §§ 4719.01–4719.18, and various provisions of the Ohio Administrative Code in 186 ways. Charvat alleges that each call contained numerous violations of these statutes and regulations by GVN, including, for example, failure voluntarily to provide the caller's telephone number, failure to record Charvat's name and number on GVN's do-not-call list, failure of GVN to train its representatives in the maintenance and use of its do-not-call list, failure to maintain a record of Charvat's demand to be placed on the do-not-call list, failure to state, at the beginning of the call, that the purpose of the call was to make a sale, and failure of GVN to obtain a certificate of registration from the Ohio Attorney General before acting as a telephone solicitor. The complaint alleged that federal subject-matter jurisdiction was proper under 28 U.S.C. § 1332 because the parties were completely diverse and the amount in controversy exceeded $75,000. GVN subsequently filed a motion for partial summary judgment, conceding that its agents placed the ten phone calls but arguing that Charvat was limited in the number of statutory damage claims he could assert under the TCPA and the CSPA.

---

[1] Charvat asserts 187 claims: 186 based on specific statutory violations and one for a declaratory judgment.

On January 5, 2008, the district court issued an order granting GVN's motion for partial summary judgment, finding that Charvat could not recover statutory damages under either the TCPA or the CSPA for the first of the ten calls and that Charvat could recover statutory damages under the TCPA and the CSPA only on a per-call basis, rather than per violation. *GVN*, 531 F. Supp. 2d at 925-29. Because Charvat could no longer meet the amount in controversy requirement of 28 U.S.C. § 1332, the district court sua sponte dismissed the action for lack of subject-matter jurisdiction. *Id.* at 929-30.

## II. ANALYSIS

The district court dismissed Charvat's case for lack of subject-matter jurisdiction for failure to meet the amount-in-controversy requirement for diversity jurisdiction, finding that the TCPA and the CSPA limited statutory damages to one award per call after the first call. We conclude that the district court did not err in finding that the TCPA limits statutory damages to recovery on a per-call basis. Because this limitation makes it legally certain that Charvat cannot recover over $75,000, and because Charvat has asserted no other basis for subject-matter jurisdiction either in his complaint or on appeal, the district court did not err in dismissing Charvat's claims for lack of diversity subject-matter jurisdiction.[2]

---

[2] Charvat's complaint asserts subject-matter jurisdiction solely on the basis of the diversity statute, 28 U.S.C. § 1332. At no point in the proceedings has Charvat argued that another basis of jurisdiction, such as federal-question jurisdiction under 28 U.S.C. § 1331, is applicable. The district court noted that federal-question jurisdiction was not available over private TCPA claims because Congress created a private right of action in state court. *GVN*, 531 F. Supp. 2d at 925.

We note that the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims, *Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1156 (4th Cir. 1997), a decision from the Seventh Circuit and then-Judge Alito's dissent from a Third Circuit opinion raise serious questions about the majority view, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, J.J.); *ErieNet*, 156 F.3d at 521-23 (Alito, J., dissenting). Because, however, Charvat did not assert federal-question jurisdiction in his complaint and has not contested the district court's statement that federal-question jurisdiction was not present, we will not address this question here. *See Golden v. Comm'r*, 548 F.3d 487, 493 (6th Cir. 2008) (concluding that argument not raised in opening brief was forfeited).

### A. Standard of Review

"When a decision on subject-matter jurisdiction concerns pure questions of law or application of law to the facts, this court conducts a *de novo* review." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc). Because the district court's decision was based on pure legal questions and the facts are undisputed for purposes of this appeal, we do not apply the more deferential standard applicable to the district court's factual findings. *See id.* at 560 ("If the district court's jurisdictional ruling was based on the resolution of factual disputes, then we review those findings for clear error."). "'The party opposing dismissal has the burden of proving subject matter jurisdiction.'" *Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007) (quoting *GTE North, Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir.), *cert. denied*, 531 U.S. 957 (2000)).

### B. Subject-Matter Jurisdiction

#### 1. Standard for Determining Diversity Jurisdiction

"[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *accord Lacey*, 499 F.3d at 518. For purposes of this appeal, we will assume without deciding that a federal court has diversity jurisdiction over private TCPA claims under § 1332 if the requirements of the diversity statute are met. *Cf. Gene & Gene LLC v. Biopay LLC*, 541 F.3d 318, 324 & n.6 (5th Cir. 2008); *US Fax Law Cntr., Inc. v. iHire, Inc.*, 476 F.3d 1112, 1116-18 (10th Cir. 2007); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337-43 (2d Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005). We do not decide this issue, however, because we conclude that the amount-in-controversy requirement of § 1332 is not met in this case.

The diversity statute requires that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Generally, the amount claimed by the plaintiff in the complaint rules,

Case: 2:06-cv-00983-ALM-NMK Doc #: 31 Filed: 04/10/09 Page: 6 of 12 PAGEID #: 497

as long as claimed in good faith, and "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id.* Dismissal is proper, however, if the amount alleged in the complaint was never recoverable in the first instance:

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.*; *see also Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) ("[L]ack of the jurisdictional amount from the outset—although not recognized until later—is not a subsequent change that can be ignored." (quoting 1 *Moore's Federal Practice* ¶ 0.92[1] (2d ed. 1993))).

It appears to a legal certainty that "[a] claim is less than the jurisdictional amount where the 'applicable [] law bar[s] the type of damages sought by plaintiff.'" *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (quoting *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973)) (third alteration in *Rosen*); *see also Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) (concluding that "when the relevant facts are not in dispute . . . the District Court [should] adhere to the 'legal certainty' test" and interpreting relevant substantive law to determine amount of damages recoverable); 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3702, at 98-99 & n.88 (3d ed. 1998 & Supp. 2008) (noting that the legal-certainty test is met "when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff"). Therefore, if the measure of damages under the TCPA and the CSPA limits the total amount recoverable by Charvat to $75,000 or less, diversity jurisdiction is not present.

### 2. Damages Available Under the TCPA

The Telephone Consumer Protection Act instructs the Federal Communications Commission ("FCC") to promulgate regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Pursuant to this directive, the FCC has promulgated regulations prohibiting telemarketers from placing telephone calls to residential telephone subscribers without following certain procedures. 47 C.F.R. § 64.1200(d).[3] In addition to providing for enforcement by state attorneys general, 47 U.S.C. § 227(f), the TCPA creates a private right of action for enforcement of these regulations:

---

[3]The relevant regulation provides,

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. . . .

. . . .

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. . . .

47 C.F.R. § 64.1200(d).

No. 08-3282           *Charvat v. GVN Michigan, Inc.*           Page 8

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> > (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.
>
> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

§ 227(c)(5).[4]

The amount of Charvat's claim is based on the statutory-damages provisions of the TCPA and the CSPA. In his complaint, Charvat asserts that he is entitled to damages for 186 violations made during ten telephone calls: 63 violations of the TCPA and 123 violations of the CSPA. Based on these violations, his prayer for relief asserts statutory treble damages of $1500 for each TCPA violation, § 227(c)(5), and statutory damages of $200 for each CSPA violation, Ohio Rev. Code § 1345.09(B). If Charvat could recover on a per-violation basis, as he argues, his total possible damages would be

---

[4] Further, the TCPA does not preempt states from imposing more restrictive intrastate requirements on telephone solicitations. 47 U.S.C. § 227(e)(1)(D). In Ohio, the Consumer Sales Practices Act prohibits any "unfair or deceptive act or practice in connection with a consumer transaction," Ohio Rev. Code § 1345.02(A), which includes violations of the TCPA, *see Charvat v. Cont'l Mortgage Servs., Inc.*, No. 99CVH12-10225, 2002 WL 1270183 (Ohio Ct. Common Pleas June 1, 2000). In addition to covering violations of the TCPA, the CSPA also provides a remedy for violations of the TSSA and regulations promulgated under the CSPA. Ohio Rev. Code § 1345.05(B)(2). Neither party disputes that Charvat may collect for violations of both the TCPA and the CSPA.

approximately $94,500 under the TCPA and $24,600 under the CSPA, for a total of $119,100. The district court found that both the TCPA and the CSPA limit damages to one award per call after the first call, for an amount in controversy of $15,300. It is the potential $94,500 in TCPA damages, however, that is driving the amount in controversy. Therefore, if we conclude that the TCPA limits damages to one award of damages per call, for a total of $15,000 in TCPA damages, we need not consider the limit of damages under the CSPA, because, even assuming the full $24,600 sought under the CSPA, it would be clear to a legal certainty that Charvat never could have recovered an amount greater than $75,000.[5] For that reason, we first consider the limits of statutory damages under the TCPA.[6]

### a. Damages Available for the First Call

We first note that the TCPA does not limit damages to those incurred after, but not during, the first call. The statute allows "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring an action for statutory damages "for each such violation." § 227(c)(5). We find this language unambiguous. The requirement of being a "person who has received more than one telephone call" is merely a threshold requirement that, once met, allows recovery for each call. Nowhere

---

[5] We note that reasonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Although Charvat's complaint sought attorney fees under the CSPA and the TSSA, Charvat neither asserts an amount of attorney fees to be awarded nor argues that the potential attorney fees would increase the amount in controversy to more than $75,000. Because Charvat has forfeited this argument by not raising it on appeal, we do not consider attorney fees when calculating the amount in controversy. *See Golden*, 548 F.3d at 493.

[6] Because subject-matter jurisdiction was asserted here on the basis of diversity, the district court applied Ohio law in interpreting the federal TCPA. *GVN*, 531 F. Supp. 2d at 925. Although, when sitting in diversity, we apply state substantive law to state-law claims, this case presents a very different situation, because the statute on which the claims are based is itself a federal statute. As we have noted, "the applicability of state law depends on the nature of the issue before the federal court and not on the basis for its jurisdiction." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 333-34 (6th Cir. 2007) (quoting *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 692 n.13 (2d Cir. 1983)). The issue before us is the interpretation of a federal statute. We therefore are not bound by decisions of the state courts of Ohio interpreting the federal TCPA. *See Gottlieb*, 436 F.3d at 343 n.8 ("It is odd, of course, that a federal court sitting in diversity and considering a TCPA claim would apply federal substantive and procedural law. This fact, however, only emphasizes the *sui generis* nature of the statute. It is the rare federal statute that creates a cause of action that gives rise to jurisdiction under § 1332, but not under § 1331.").

does the language indicate that such a person may recover damages for "each such violation" only after the first phone call. Even if the statute were ambiguous, we would conclude that providing recovery for violations during the first phone call furthers the purpose of the statute, to prevent consumers from receiving unwanted telemarketing calls. Although Congress may have intended to prevent multiple phone calls, requiring that the regulations be satisfied in the first phone call furthers that goal. For example, the regulations require that telemarketers provide their name, the name of the entity on whose behalf they are calling, and telephone number, presumably for the purpose of allowing the consumer to make sure that the consumer's request to be put on a do-not-call list is honored. When a first call violating these requirements is followed by a second call also violating the regulations, the statute authorizes damages for both violations.

### b. Damages Available for Each Call

The district court additionally concluded that the TCPA does not allow for the award of statutory damages for each violation during a call, but instead limits statutory damages to one award per call. Charvat argues that the district court misinterpreted § 227(c)(5) and misapplied the rules of statutory interpretation, and he urges us to follow the dissent in *Charvat v. Colorado Prime, Inc.*, No. 97APG09-1277, 1998 WL 634922 (Ohio Ct. App. Sept. 17, 1998).[7] Several courts, however, have allowed recovery on only a per-call basis, *Colorado Prime*, 1998 WL 634922, at *5; *Charvat v. Echostar Satellite, LLC*, No. 2:07-cv-1000, 2008 WL 5274090, at *5 (S.D. Ohio Dec. 16, 2008); *Worsham v. Nationwide Ins. Co.*, 772 A.2d 868, 876 n.5 (Md. Ct. Spec. App. 2001); *Szefczek v. Hillsborough Beacon*, 668 A.2d, 1099, 1110 (N.J. Super. Ct. Law Div. 1995),

---

[7] Charvat also argues that finding against recovery on a per-violation basis is inconsistent with another provision of the statute, § 227(b)(3), which deals with automated telephone equipment, because the Ohio Court of Appeals has held that this provision allows for recovery on a per-violation basis. *See Charvat v. Ryan*, 858 N.E.2d 845 (Ohio Ct. App. 2006). As the court in *Ryan* noted, however, the language of § 227(b)(3) differs from that of § 227(c)(5), primarily because the former does not even contain the word "call." 858 N.E.2d at 852. Further, as we have not yet interpreted § 227(b)(3), we need not reconcile our interpretation of § 227(c)(5) with any previous interpretations of § 227(b)(3).

No. 08-3282          *Charvat v. GVN Michigan, Inc.*          Page 11

and Charvat cites no cases explicitly allowing for separate recoveries under the TCPA for multiple violations during the same call.

As noted above, the statute allows "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring "(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, or (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater," or both. § 227(c)(5). We believe that this language unambiguously allows for statutory damages on only a per-call basis. The term "each such violation" in subsection (B) refers to an antecedent noun. Charvat argues that this term refers to the noun phrase "a violation of the regulations" in subsection (A). Subsections (A) and (B), however, are two distinct prongs of the statute, one governing injunctive relief and the other governing money damages. For good reason, Congress may have intended to grant courts the power to enjoin each individual violation of each component of the regulations while at the same time allowing statutory damages to be awarded only once per call. We therefore believe that, in interpreting the damages provision, we properly look back to any relevant introductory language rather than language in a separate subsection governing the entirely different avenue of injunctive relief. When we turn to the introductory statutory language, the first stand-alone noun we encounter, looking back from "each such violation," is "call," and indeed a specific type of call, namely a "telephone call . . . in violation of the regulations." Contrary to the suggestion of the Ohio Court of Appeals, *see Colorado Prime*, 1998 WL 634922, at *5, "each such violation" cannot refer to the phrase "in violation of the regulations," because this phrase is not a noun but a prepositional phrase modifying the noun "call." Therefore, the term "each such violation" must refer to "telephone call . . . in violation of the regulations," and damages are awardable on a per-call basis.[8]

---

[8]We also note that this interpretation is supported by the legislative history of the TCPA. Although we have found no legislative history directly addressing this issue, the statement of Senator Hollings, a sponsor of one of the bills that would become the TCPA, indicates that the private right of

The relevant regulation confirms our analysis. Section 64.1200(d) states, "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). It then lists the "minimum standards" for these procedures, including maintenance of a written do-not-call policy, training of personnel, and recording of do-not-call requests. *Id.* The "violation of the regulations" is therefore the initiation of the phone call without having implemented the minimum procedures. Because, read in context, the statute and regulations focus on the telephone call itself, we conclude that the district court did not err in holding that Charvat cannot collect statutory damages on a per-violation basis under the TCPA. Because of this limitation on damages under the TCPA, it is clear to a legal certainty that Charvat cannot collect in excess of $75,000. Diversity jurisdiction is therefore not present.

### III. CONCLUSION

Because Charvat has not met the amount-in-controversy requirement for diversity jurisdiction, and because Charvat does not argue that any other basis of subject-matter jurisdiction is applicable, we **AFFIRM** the district court's order dismissing the case for lack of subject-matter jurisdiction.

---

action was not intended to provide for multiple recoveries per call. Discussing the private right of action, Senator Hollings noted that "[t]he provision would allow consumers to bring an action in State court," and "hope[d] that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court." 137 Cong. Rec. S16204, S16205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings). If plaintiffs could recover multiple damages awards per call, the amount claimed would very quickly climb beyond the maximum amount allowable for small-claims-court jurisdiction and often beyond the minimum amount necessary for federal-court diversity jurisdiction. "The amount of damages . . . is set to be fair to both the consumer and the telemarketer." *Id.* Recovery of damages for each specific violation—for example separate awards for (1) not providing "the name of the individual caller," (2) not providing "the name of the person or entity on whose behalf the call is being made," and (3) not providing "a telephone number or address at which the person or entity may be contacted," 47 C.F.R. § 64.1200(d)(4),—would upset this balance.